**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JAMES A. BUCHANON,**

        **Plaintiff,**

     **v.**                                              **Civil Action 2:16-cv-279
                                                          Judge George C. Smith
                                                          Magistrate Judge Jolson**

**GARY C. MOHR, et al.,**

        **Defendants.**

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff, James A. Buchanon, a state inmate at Chillicothe Correctional Institution ("CCI") who proceeds pro se, brings suit under 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.  For the reasons below, it is **RECOMMENDED** that Defendants' motion to dismiss (Doc. 7) be **GRANTED**, and that Plaintiff's motions for leave to amend (Docs. 11, 12) be **DENIED** for futility.

## I.     BACKGROUND

Plaintiff alleges that he sought treatment for Hepatitis C from CCI's "Chronic Care Clinic" on June 2, 2015.  (Doc. 3 at 4).  According to his complaint, the treating doctor told Plaintiff "that his levels of the virus were not high enough" for the particular kind of treatment Plaintiff wanted and that side effects from the medicine might harm him in any event.  (*Id.*).  After being denied treatment, Plaintiff lodged an "informal complaint" with "Ms. Dove," a "CCI Nurse Practitioner," and "Ms. Beth Higginbotham," a "CCI Health Care Administrator."  (*Id.*).  Plaintiff exhausted his administrative remedies and then brought suit against the following Defendants in their official and individual capacities: Gary Mohr, Director of the Ohio

1

Department of Corrections and Rehabilitation ("ODRC"); Charlotte Jenkins, CCI Warden; Ms. Higginbotham; Faisal Ahmed, CCI's Chief Medical Doctor; Corby Free, CCI's Institutional Inspector; and Mona Parks, ODRC Assistant Chief Inspector of Medical Issues. (*Id.* at 2–3). Plaintiff alleges violations of his rights under the Eighth and Fourteenth Amendments. (*Id.* at 6–7). He seeks declaratory and injunctive relief, as well as an award of compensatory and punitive damages. (*Id.* at 7–8).

Defendants have moved to dismiss Plaintiff's complaint. (Doc. 7). Plaintiff's opposition (Doc. 8) attempts to add additional detail to his claims. He alleges that Defendants' policy regarding Hepatitis C treatment is applied "arbitrarily" and in spite of "the realistic possibilities of plaintiff facing death." (*Id.* at 3). In addition, because "it is reasonably foreseeable that Plaintiff will encounter a dangerous medical situation with the hep. C virus" (*id.*), Defendants' treatment policy "has and is causing Plaintiff mental and physical suffering" (*id.* at 8). He contends that Defendant Mohr is liable for Defendants' treatment policy according to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (*see* Doc. 8 at 4), and that the remaining Defendants are liable for their actions in furtherance of the policy (*see id.* at 5–13).

## II.  STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." To survive dismissal pursuant to Rule 12(b)(6), a claim must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Twombly*, 550 U.S. at 555 (complaint's "factual allegations must be enough to raise a

right to relief above the speculative level").  Although pro se litigants' pleadings are to be construed liberally and held to less stringent standards than formal pleadings drafted by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), they must still comply with the procedural rules that govern civil cases, *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme Court in *Haines v. Kerner*] nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits.").

### III.    DISCUSSION

#### A.  Motion to Dismiss (Doc. 7)

##### 1.  Official-Capacity Claims for Monetary Relief

Defendants contend that the Eleventh Amendment bars Plaintiff's official-capacity claims.  The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  The Supreme Court has held that this language forbids private lawsuits by citizens against their own state.  *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72–73 (2000); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  This includes "suits for monetary relief against state officials sued in their official capacity."  *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993).  Accordingly, it is **RECOMMENDED** that Plaintiff's official-capacity claims for monetary relief be **DISMISSED**.

##### 2.  Individual-Capacity Claims for Monetary Relief

Defendants invoke the defense of qualified immunity (Doc. 7 at 13), which "protects a public official in his individual capacity from civil damages."  *Everson v. Leis*, 556 F.3d 484,

501 n.7 (6th Cir. 2009). A claim of qualified immunity requires "a two-step inquiry to determine if (1) the defendant violated a constitutional right, and (2) if that right was clearly established." *Smith v. Leis*, 407 F. App'x 918, 928 (6th Cir. 2011). "The court may address these prongs in any order, and if the plaintiff cannot make both showings, the officer is entitled to qualified immunity." *Brown v. Lewis*, 779 F.3d 401, 412 (6th Cir. 2015); *see Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The undersigned starts with the first question. In order to proceed with his Eighth Amendment claim, Plaintiff must plead a facially plausible claim that Defendants acted with deliberate indifference to his medical needs. Such a claim has an objective and a subjective component. *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004). The objective "requires a plaintiff to show that the medical need at issue is sufficiently serious," and the subjective "that prison officials have a sufficiently culpable state of mind in denying medical care." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (citation omitted) (quotations omitted). Moreover, the Sixth Circuit "disintiguish[es] between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Id.* In the latter, "federal courts are generally reluctant to second guess medical judgments" unless the care the plaintiff received was "so woefully inadequate as to amount to no treatment at all." *Id.*

In addition, Eighth Amendment claims may be resolved at the motion-to-dismiss stage where the complaint and corresponding attachments make clear that, even accepting the allegations, the plaintiff can prove no set of facts in support of his or her claim. *See LaFlame v. Montgomery Cty. Sheriff's Dep't*, 3 F. App'x 346, 347 (6th Cir. 2001) ("difference of opinion" over diabetes "treatment does not state an Eighth Amendment claim"); *see also Rondigo, L.L.C.*

*v. Twp. of Richmond*, 641 F.3d 673, 680–81 (6th Cir. 2011) (holding that the "court may consider exhibits attached [to the complaint]" in resolving a motion to dismiss "so long as they are referred to in the complaint and are central to the claims contained therein" (quotations omitted)); *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (district court erred, in ruling a motion to dismiss, by not considering exhibits attached to the complaint).  This is particularly true where the complaint and attachments make clear that the plaintiff was indeed receiving some kind of treatment for his or her ailment.  *Dotson v. Wilkinson*, 477 F. Supp. 2d 838, 849 (N.D. Ohio 2007) (dismissing Eighth Amendment claim where the records the plaintiff "attach[ed] to his amended complaint show he . . . received the appropriate treatment for his condition within the medical protocols established for treatment of Hepatitis C").

Here, Plaintiff does not allege that he is not receiving any treatment for his Hepatitis C.  Rather, he alleges Defendants have violated his rights under the Eighth and Fourteenth Amendments by refusing to provide him a certain type of treatment for his Hepatitis C.  (Doc. 3 at 4).  Specifically, Plaintiff alleges "that there is a medical cure" for Heptatitis C, which he now wants to receive.  (*Id.*).  Plaintiff's treatment providers disagree with Plaintiff's requested course of treatment.  As Plaintiff himself alleges, he has received "regular[ly] scheduled check-ups concerning [his] hep. C virus."  (*Id.* at 5).  The attachments to his complaint support his allegations.  In fact, one of his exhibits demonstrates that the Office of the Chief Inspector reviewed Plaintiff's lab results, test data, electronic health records, and scheduled medical trips to the hospital to ensure Plaintiff was receiving proper treatment.  (*Id.* at 14; *see id.* at 12 ("It appears you have been receiving appropriate treatment . . . for Chronic Hepatitis C.")).  In addition, the attachments indicate that Plaintiff's healthcare providers at CCI complied with ODRC policy 68-MED-04, which requires four years to complete the course of therapy and

5

follow-up treatment Plaintiff requests.  (*See id.*).  Because Plaintiff's sentence ends in two years, Defendants opted to care for Plaintiff with a different course of treatment—treatment that includes regular check-ups and ongoing monitoring.  (*See id.* at 12, 14)

These allegations fail to state an Eighth Amendment claim.  Based upon his pleadings, Plaintiff is receiving medical care, and those monitoring his medical care have a difference of opinion on the type of care he should receive.  "[A] prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation."  *DeFreeze v. Zuberi*, 39 F. App'x 137, 139 (6th Cir. 2002); *see, e.g.*, *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (no deliberate indifference claim where the plaintiff "would have desired more aggressive treatment" but "was at no point denied treatment"); *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003) ("A patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim."); *Thomas v. Coble*, 55 F. App'x 748, 749 (6th Cir. 2003) (inmate and medical provider's disagreement "over the preferred medication to treat [inmate's] pain . . . does not support an Eighth Amendment claim"); *LaFlame*, 3 F. App'x at 347; *Dotson*, 477 F. Supp. 2d at 849.

For these reasons, Plaintiff fails to state a plausible constitutional claim.  It is therefore **RECOMMENDED** that Defendants are entitled to qualified immunity and that Plaintiff's official-capacity claims for monetary relief be **DISMISSED**.

### 3.  Plaintiff's Remaining Claims

Because Plaintiff fails to state an underlying violation of law, it is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED**.  *Saha v. Ohio State Univ.*, 259 F. App'x 779, 780 (6th Cir. 2008) ("[E]ven had [the plaintiff] properly pled a claim for injunctive relief, it is

unavailable when the underlying claims are properly dismissed."); *Doe v. Claiborne Cty.*, 103 F.3d 495, 505 (6th Cir. 1996) (a 1983 claim for municipal liability under *Monell* requires "the plaintiff to assert the deprivation of a constitutional right").

### B. Motion for Leave to Amend (Docs. 11, 12)

Over a month after filing an opposition to Defendants' motion to dismiss, Plaintiff moved for leave to amend his complaint. At this stage, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). While Rule 15(a)(2) requires "freely giv[ing] leave when justice so requires," Defendants counter that amendment in this instance would be futile. *See Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005) ("A Court need not grant leave to amend, however, where amendment would be 'futile.'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))). Futility applies "when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id.*

Here, Plaintiff seeks leave to add as a Defendant Dr. Eddy, whom he alleges is ODRC's Chief Medical Officer. (Doc. 11 at 1). Plaintiff speculates that Dr. Eddy is responsibe for the Hepatitis C treatment policy at issue in this action. (*Id.* at 2). For the reasons stated, Plaintiff fails to allege an underlying constitutional violation regarding his Hepatitis C treatment under the policy. The undersigned therefore agrees with Defendants that Plaintiff's proposed amendment to add Dr. Eddy as a Defendant would be futile. *See Alspaugh*, 643 F.3d at 169; *Saha*, 259 F. App'x at 780; *Claiborne Cty.*, 103 F.3d at 505; *Dotson*, 477 F. Supp. 2d at 849. It is therefore **RECOMMENDED** that Plaintiff's motions for leave to amend (Docs. 11, 12), be denied for futility.

## IV.    CONCLUSION

For the reasons stated, it is **RECOMMENDED** that Defendants' motion to dismiss (Doc. 7) be **GRANTED**, and that Plaintiff's motions for leave to amend (Docs. 11, 12) be **DENIED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).   A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: September 8, 2016                         /s/ Kimberly A. Jolson
                                                KIMBERLY A. JOLSON
                                                UNITED STATES MAGISTRATE JUDGE